U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 1 9 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LANAMON HARRIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-813-A |
| | § | (NO. 4:19-CR-200-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lanamon Harris, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-200-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On June 19, 2019, movant was named in a one-count indictment charging him with possession with intent to distribute 50 grams or more of methamphetamine, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(A). CR Doc.[1] 25. Movant entered a plea of not guilty. CR Doc. 29. On July 8, 2019, movant was named in a one-count superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc. 31.

On July 12, 2019, movant appeared for arraignment on the superseding information. CR Doc. 34. He and his attorney signed a waiver of indictment, CR Doc. 35, and a factual resume setting forth the penalty movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged by the superseding information. CR Doc. 36. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-200-A.

2

report ("PSR") had been prepared; his term of imprisonment could be twenty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 58.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 39, ¶ 28. He received a two-level enhancement for possession of firearms. Id. ¶ 29. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 34, 35. Based on a total offense level of 31 and a criminal history category of VI, movant's guideline imprisonment range was 188 to 235 months. Id. ¶ 79. Movant filed objections, CR Doc. 47, and the probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 41. Movant also filed a motion for downward variance. CR Doc. 46.

The court sentenced movant to a term of imprisonment of 200 months. CR Doc. 54. Movant appealed. CR Doc. 56. His sentence was affirmed. United States v. Harris, 810 F. App'x 344 (5th Cir. 2020).

3

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

**GROUND ONE**: The application of the two-level firearm enhancement

Doc.[2] 1 at PageID[3] 4.

**GROUND TWO**: Career offender enhancement

Id. at PageID 5.

**GROUND THREE**: Ineffective assistance of counsel

Id. at PageID 6.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers and also because movant has attached additional pages to the form.

4

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant argues that he should not have received a two-level enhancement for possession of firearms. Doc. 1 at PageID 14-16. This ground was raised on appeal and cannot be raised here.[4] United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Moore, 598 F.2d at 441.

In support of his second ground, movant argues that his two robbery convictions should not have been counted separately so as to qualify him as a career offender. Doc. 1 at PageID 17-18. This is a ground that could and should have been raised on appeal. Misapplication of the sentencing guidelines is not an issue that can be raised by a § 2255 motion. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

In support of his third ground, movant argues that he received ineffective assistance of counsel because his attorney failed to raise his second ground—his status as a career offender—on appeal. Doc. 1 at PageID 19-20. To prevail on this ground, movant must show that counsel was deficient and that such deficient performance rendered the result of the proceeding

---

[4] Movant's version of the facts is belied by the PSR. CR Doc. 39, ¶¶ 12, 17, 21. As the Fifth Circuit noted, movant sold two ounces of methamphetamine at his residence where the firearms, drugs, and drug paraphernalia were found; drug paraphernalia was found in the same room as one of the three firearms; and, it was plausible that movant could have used a firearm in connection with his offense. Harris, 810 F. App'x at 345.

unreliable or fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). In other words, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

As the government notes, any objection based on the career offender enhancement would have been fruitless. Doc. 6 at 7. The PSR reflects that although movant was sentenced on the same day for the robbery offenses, the offenses occurred on different dates and there was an intervening arrest. CR Doc. 39, ¶¶ 40, 41. Thus, the offenses would have been properly counted separately. USSG § 4A1.2(a)(2). Counsel cannot have been ineffective in failing to raise a meritless objection. Miller v. Thaler, 714 F.3d 897, 904 n.6 (5th Cir. 2013). Further, movant could not show prejudice because, contrary to his contention, he was not sentenced as a career offender. Rather, as the PSR reflects, the applicable offense level was greater than the career offender offense level and so it was applied rather than the career offender level. CR Doc. 39, ¶ 36.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 19, 2021.

JOHN McBRYDE
Senior United States District Judge